379 A.2d 552

**COMMONWEALTH of Pennsylvania**

v.

**Gervin DEATON, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Oct. 12, 1976.

Decided Oct. 28, 1977.

___

Joel S. Robbins, Brookhaven, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Marianne Cox, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Gervin Deaton, was convicted of murder in the second degree, robbery, and conspiracy, and, following denial of post-verdict motions, was sentenced to life imprisonment on the murder conviction, and to concurrent ten to twenty year terms of imprisonment for robbery and conspiracy, the sentences for robbery and conspiracy to run consecutively with the life sentence. A petition for reconsideration of the sentence was denied. Appellant then appealed the murder conviction directly to us, and the robbery and conspiracy convictions to the Superior Court which transferred those appeals to us.

In this appeal appellant argues (1) that he was denied a fair trial by the fact that he was charged with a crime for which the jury could have imposed sentence of death; (2) that the trial court erred in permitting two prosecution "expert" witnesses to testify over appellant's objections as to their qualifications; (3) that the trial court erred in admitting into evidence certain statements made by appellant's alleged co-conspirators; (4) that the trial court erred in overruling appellant's demurrer to the robbery and conspiracy charges; (5) that the evidence was insufficient to

prove appellant guilty beyond a reasonable doubt; (6) that the trial court erred in its charge to the jury by failing to properly advise the jury as to the weight to be given to the evidence presented by appellant, and by instructing the jury as to the definitions of the various degrees of murder in such a complicated manner that the jury could not have understood the charge.

We have examined each of these contentions, and find them to be without merit.

Judgment of sentence is affirmed.

JONES, former C. J., did not participate in the decision of this case.